This case is, I think, full of issues, and I've tried to summarize it as best I could for preparing for argument. Actually, I see this in three phases. First is the suppression issue that I raised regarding whether or not Detective Ricketts is considered a law enforcement officer under Rule 41 and whether or not, if he is not considered a law enforcement officer under Rule 41, then whether the evidence should be suppressed as, even though it's likely to be found a non-fundamental error, that even under these circumstances that it wasn't shown at the suppression hearing that the government would have obtained that warrant absent the error. So that's the issue in that case, and I will go further in that issue if the Court has any questions. Well, I have some difficulty in the first instance seeing why he shouldn't be considered a federal law enforcement officer when he's got an express deputation appointment. And then beyond that, I have some trouble, even if he's not a federal law enforcement officer, with whether you can exclude evidence under Rule 41 when it's not a constitutional violation or bad faith. You know, there's some exceptions, but in general, it's not automatic suppression. It is not automatic suppression, Your Honor. And the case that deals with the reasons for suppressing a non-fundamental error, which I will concede that if Agent or, excuse me, Detective Ricketts is not found to be a law enforcement officer, and I am relying on the authority in the Bryant case that is set out in the brief as to the concurring opinions observation that a special deputation doesn't take a county deputy and make them a law enforcement officer by virtue of that deputation. In fact, the deputation, which is at excerpt of Record 74, I think makes that pretty clear, that he's not being appointed to any position in the Federal Service by virtue of that appointment. Well, he's not going to get Federal retirement from it. That's true. But why would we want to say that that's outside the Federal warrant processes? You know, in other words, what would be the reason why one would interpret a Federal law enforcement officer to exclude this type of situation? Rule 41 is pretty explicit what a Federal law enforcement officer is, and that is an officer appointed by the Attorney General and given the authority to execute search warrants. And Detective Ricketts was appointed by the U.S. Marshals to be a task force agent for the DEA. It was not an appointment by the ‑‑ it was an appointment from the ‑‑ excuse me, not the DEA, the ATF. And I think I have to read the statute very closely on the authority of the United States Marshals and what the United States Marshals authority is in making these special deputations. The special deputations ‑‑ Well, you know, see if you can help me out here now. We know that every Federal law enforcement agent is not, you know, directly authorized, or are they, by the Attorney General to request a warrant? In other words, there's some delegation involved, isn't there, of authority by the Attorney General? Delegating authority to a special deputy? Under Rule 41, you know, as to who a Federal law enforcement officer is. It says it means any government agent within certain categories authorized by the Attorney General to request a search warrant. So the Attorney General doesn't, you know, request, make the authorization himself. It's to every Federal law enforcement officer. He delegates that authority. He delegates that authority. All right. Now, so is there a delegation here to the U.S. Marshals Service? The delegation comes, Your Honor, from the statutes, and the statute is 5 ‑‑ 28 U.S.C. 566C, where it says that, except as otherwise provided by law or rule, U.S. Marshals should ‑‑ 28 section what? 28 U.S.C. section 566C. 556? 566. 566. Go ahead. And it says that the, except as provided by rule of procedure or law, U.S. Marshals should command all necessary systems to execute its duties. It doesn't say to execute duties of other agencies. It says to execute its duties. So there's no ‑‑ No, no, wait a minute. This doesn't tell you, you know, whether the Attorney General delegated his authority to the U.S. Marshals to ‑‑ True. Does it? But the Attorney General did promulgate the CFRs on the subject. And the CFRs, the relevant CFR, as far as the special deputation, is 28 CFR 0.112B. And ‑‑ Zero to it. Say it again. 0.112B, subsection B. B as in ‑‑ B as in boy. Boy, okay. And ‑‑ And that says what? That says the Director of the United States Marshals Service is authorized to deputize the following persons to perform the functions of a Deputy U.S. Marshal in any district designated by the Director. Well, what's wrong? Well, why isn't that what was done here when the deputation agreement expressly said, as I understand it, that Ricketts would, quote, seek and execute arrest and search warrants supporting a federal task force? The ATF. To me, this CFR doesn't authorize that deputation. It doesn't authorize the marshal. It authorizes them to appoint ‑‑ You're saying that regulation doesn't authorize the marshal to deputize someone to assist the ATF. Correct. He can only deputize somebody to assist the marshal in the carrying out of the functions of the U.S. marshal. Yes, Your Honor. That's a good question, Al. Will the ATF have similar authority, do you know? Absolutely. You know, I looked. I didn't see any similar authority. I've never seen this procedure before. I know in local law enforcement, it seems like, for instance, in our county, we must have 5,000 honorary deputy sheriffs that the sheriff appoints. I don't know what kind of law enforcement authority they have, but there's certainly some kind of a deputy. But the question is, where does the authority come from? So you're saying the authority under 28 CFR 112B is limited to appointing deputies to assist the marshal and not to assist other federal law enforcement agencies. That's true. I understand the argument now. Maybe we should move on. Let's assume that this deputation, deputization, whatever the term is, does not comply with the regulation of the statute, right? Now, what's the harm? In other words, why should you get relief? I think the harm is this, is that obviously the attorney general has to authorize persons who conduct and seek federal search warrants. And in this case, what I'm arguing is, is that there was not a compliance whatsoever with the Rule 41. And that is – and that would be out of the Alvarez case that I cited. It was a complete failure to comply with Rule 41, which is a basis for suppression. Wouldn't this be – it seems like sort of a technical violation if, in the regulation that Judge Tashima mentioned, it does permit deputation to help a U.S. marshal, but you're saying, well, helping the ATF is different from that. Why wouldn't that be in the category of cases where we've pretty regularly said you don't get suppression of evidence? It's like a technical mistake. And it's not bad faith. And it's not deliberate and intentional disregard of the rule. It's just like kind of a – under your theory, a misconstruction of the regulation. I think it's because this case is distinguishable from the Luck case, which is cited also in the briefing. In the Luck case, the assistant U.S. attorney was actually physically involved with drafting the – helping to draft the affidavit in support of probable cause. Well, that would be different because the U.S. attorney comes under the other part of it. That's correct. The attorney for the government. And here there wasn't. If he wasn't a Federal agent, he would have had no Federal agent involvement whatsoever. So it's a – it's a complete failure. I thought the Attorney General looked – I thought the AUSA looked at him. The AUSA reviewed it and initialed it. Well, yeah. He reviewed it. And we have to assume that he did his job. He looked the thing over. He saw it. He reviewed it. He said, this makes sense. This is the right thing to do. And then he called or had his secretary call the magistrate, was it? And say, this guy's coming over to present a warrant. I guess that would be the issue, Your Honor. Does that – is that tantamount to the request that's required under – under the law? If it's a mistake, if the U.S. attorney initialed it, how can we say it's – that it's a deliberate and intentional disregard of Rule 41B? I think it's a – I'm not saying it's deliberate or intentional, but I think the other – the other – the other – It's not constitutional. The other factor, though, under the law, is not just the intentional or deliberate disregard. It's also has the – the other prong is, or can the government show the search would have taken place absent the Rule 41 violation? There's more than just the deliberate and intentional. That leads to another part of this inquiry. But before I get to that, I have to say this. One, you know, I have the same concern, I guess Judge – Judge Gould expressed, is that, well, let's assume there's a violation. I mean, this circumstance, a monster violation. Maybe he calls it technical violation, but I don't know what authorizes them for that kind of violation of a rule, a suppression of the evidence. Especially when we get to the second point, which is that I think – I think this special deputy testifying – what was he, also? A sheriff or something like that? Yeah, deputy records. He's a county sheriff. Well, he could have gone to the local courts and gotten the warrant, right? In other words, he didn't have to go to federal court. He didn't have to go to state court. So why should it be suppressed under those circumstances? Because he didn't – Because he has the alternate remedy anyway. Well, because this is – we're dealing with a Federal search warrant, and that's the reason that we're here, is because we have – we have a specific role that deals with the situation. And what Lux says is you either have a deliberate or intentional violation of the rule, which I don't think we have here. But what I do think we have is, is that the government – or Prong – or the government has to show the search warrant would have been issued. Not the search warrant would have been – this search warrant would have been issued. I think it's that the search would not have occurred. Or the search would not have occurred. So if he could have gotten a warrant in the state procedure, as Judge Teshima is suggesting might be the case from his testimony, then how can you show the search would not have occurred apart from this? That wasn't the procedure that was followed, Your Honor. So that's just our position. Okay, look, you've got some other good issues, too. I've got some other – So these are fascinating issues that we've pushed you around back and forth on them a little bit. It's a big help to us, so we appreciate the spirited discussion. Thank you. But I think you want to get into your impact issues. I do. I think that the trial issues are very significant in this case. And if I can just cut short real quick, the issues regarding the sentencing issues, if we get that far, I believe there's a couple cases that came out that might even – We'll add a few minutes to your time to make sure you can get through this. We'll add three minutes to the time and give the government more if they need it. The trial in this case did boil down to the admissibility of and the admission of documentation to try to prove up Mr. Weiland's prior convictions and to identify him as the person in those convictions. The first attempt by the government was in Exhibit 28, which is referred to as the pen pack in our briefing. And what it was was an accumulation of records from Oklahoma that were certified by Mr. Green and then attested to by the Secretary of State that Mr. Green's signature was in proper form. The judge originally sustained the objection to the admissibility of that because the court found internal inconsistencies and that the documentation that was certified by Richard Green was unreliable. And his comments are at ER-225 and ER-226. After that, the government then scrambled and obtained a certification from a woman by the name of Nancy Young in the Oklahoma State Bureau of Investigation. I have to tell you that I thought the judge was just sort of in outer space on that issue, that the law required that the legal custodian authorize, you know, certify the documents. The law didn't require that the legal custodian actually be holding, you know, physical custody of every single document. I mean, with prison documents, how could that not be delegated? There have to be other people involved, don't there? I guess the problem is, Your Honor, in this case, if you read carefully Richard Green's certification and how he certified those documents. You're talking about that facts transmittal, huh? What's that? You're talking about that facts? Not the facts right now. Are you talking about Exhibit 28 or Exhibit 34? First, the director or the manager. The manager of the unit. By law has custody of the documents. Yes. I thought. Gives a certification. What's wrong with that? Well, if you have to look at the documents themselves, and this is why the district court I think had troubles with it, because Rule 8038 requires, makes things inadmissible if the information within it isn't trustworthy. I thought that. If you look at the certificate itself where he says, in my legal custody are the original files and records of such persons committed to the Department of Corrections, the fingerprint, card, photograph, and commitment documents. So that's what he is certifying as. As legal custody. As being in his custody. But did he say legal custody? You just read in my legal. In my legal custody, yes. So by law, he's the legal custodian. Why can't he say that? He can say that. But then there's a transmittal that goes from his office, from who knows, I mean, from somebody within his office that goes to the OSBI. And what you get from that is a fingerprint card that has no reliable information as to where that fingerprint card comes from. You have to look at the exhibit itself. And what you have to do. I mean, you're basically pointing to the facts. The facts simply transmit. The facts. The facts, in effect, says I really don't have custody. Right? Yes. Although in the certificate, he says, I have I have legal custody. And the attached copies with their respective originals are now in my office. He sent the facts to the Oklahoma Bureau of Investigation saying, I need copies of the fingerprints and the rap sheets of this individual, which means he doesn't have it. Right. That's correct. And then pursuant to that fact, the OSBI sends him these fingerprint cards. So, you know, he got them from the OSBI. He doesn't have it in his own custody. Yes. Isn't that what you're arguing about? That is a problem that I have. The district judge. He doesn't have it in his physical custody. Not physical custody. But isn't he the legal custodian of them under the legal system? Well, I guess. Their system seems to indicate. Because that gets to the other problem is, is under the certification requirements under 9024, where he also, where the documents themselves have to be under a duty of law to be filed or recorded and be shown that they're actually filed and recorded, plus the other requirements under 9024, none of these documents do that. So you don't even have, not only do you have the problem with his certification is whether these are actually in his legal custody, because nothing was shown, nor did the government produce anything that showed that they were actually in his legal custody, but nothing in these documents show that they were required by law to be filed or recorded or actually filed or recorded. So that is another layer of my objection. That's why this is kind of very convoluted. But that's an additional layer, is that the authenticity requirements under the rule haven't been met. Not only has it been shown that he is the actual legal custodian, but also that these records actually come from the source that he says that they came from. If you look at Rule 902, I thought public records would be essentially self-authenticating if it's under 9024, not business records, but public records. Excuse me, Your Honor. I didn't understand the question. 9024 says a public record is self-authenticating if a custodian authorized to make the certification certifies that it's an official record. I thought. Now, maybe I've got that. I'll read what I have, Your Honor. 9024 says a copy of an official record or report or entry therein or of a document authorized by law to be recorded or filed and actually recorded or filed in the public office, including public comp or, excuse me, compilations in a form, certified as correct by the custodian or other person authorized to make the certification, and then by complying with either subsection 1, 2, or 3. And they did comply with subsection 2 because the Secretary of State did say Mr. Green could, this is Mr. Green's signature. No, but you see, I want to just repeat this again. The part of that subsection 4 requirement is that it says and actually filed in the public office. In this case, the fact shows it's not actually filed in his office. It's actually filed with the OSBI. That's the problem there. I think that's the conclusion that the district court came to. That's why the district court judge found these internal inconsistencies in Mr. Green's pen back, as we would call it. On the one hand, his certificate said, I have the original. And the other, right next to it, there's a fax he sent to the OSBI saying, send me these fingerprints, right? And this photo, which means he had to get it from the OSBI. And there's no indication in these records that they were actually filed or recorded in the DOC or wherever they were. It's just like your Bureau of Prisons saying, yes, you know, the director saying, I have this felon's fingerprints. And this is a copy. And then right next to it is a fax to the OSBI saying, send me this guy's fingerprints so I can send it to the court. I thought at the end of the day we had information here that indicated that the when the people check into the prison, they take these fingerprints, photographs and such. And then after they're filed with the prison, the prison then delivers them to OSBI for safekeeping to keep them there. Is that wrong? I think there was an oral proffer, but there was no testimony to that, Your Honor. I will, and I think I would invite the Court to review the record, but I don't believe there was any testimony to establish that. I think there was an oral proffer made by the government. And then, so that brings us to that. Also, just one last comment. Even if you find that the authenticity rules under 9024 have been met, I think there's a real severe problem with the hearsay itself because there's no indication whatsoever from Mr. Green or anybody else that the person who compiled these records were persons that had actual knowledge of the data that was on the records. I think that's a real issue. It's separate and apart from the authentication rules. Where is that required under 9024? I mean, I do see the language that Judge Tashima is adverting to because it talks about a document authorized by law to be recorded or filed and actually recorded or filed in a public office. But where does it say that someone has to say it's reliable? I don't know. It's a case, Your Honor. It's the Perlmuter case that I cited. It's the ‑‑ That's a concurring opinion? No, no, no, no. This is the actual ‑‑ and the ‑‑ if I could ‑‑ no, this is not. No, Your Honor. It would be in the body of the case. And you also have the Chiu Kong-Yen case that's cited in the brief that stands for that proposition that you have. Once you pass the authenticity, the next issue is does it pass the hearsay rule. And the hearsay has to be attested to by ‑‑ somebody has to say the person who took this record had personal knowledge of the facts within that. Somebody has to be able to attest that, which none of that was attested to here. The other case that involves that is the Yake case, the Y-A-I-C-H. It's the first case on my circuit I could find on the subject. 283 FedSec and 613. And so there's actually two issues, authenticity and the next layer is in order before it's even admitted it has to pass the hearsay. Well, Your Honor, from where you haven't even got to really the basis, I sort of agree with you on this public records that the judge didn't abuse his discretion in saying he didn't meet that requirement. But he really didn't admit it under that exception. He admitted it's a business record, right? That's where ‑‑ that's where Exhibit 34 comes in. Then what happened is he sustained the objection the government was allowed a certain recess time in order to try to correct the deficiencies. Why doesn't this meet a business record, the requirement? Well, we have the Crawford issue on that. We have the Crawford v. Washington. I raised the Sixth Amendment confrontation issue and then Crawford came out after that that said any testimony that's going to be admitted to prove a fact, you have the right to cross-examine. Is the public record testimonial here? The certificate is the foundation or the basis on which the government admitted the documents. And it's my contention that that certificate ‑‑ I have the right to confront Nancy Young. First of all ‑‑ You're talking about that affidavit? Nancy Young's affidavit, yes, Your Honor. Yeah, right. You mean affidavit, yeah. I believe that Crawford v. Washington applies to that certification, that it's ‑‑ it was a statement that was generated purposely. She's the one who used it for the business record. Yes. And I have no way ‑‑ obviously the notice issue under 902.11 comes into play, but before we get to the notice issue, we have to ‑‑ I will ask the Court to consider whether or not Crawford v. Washington applies and where I have the right to ‑‑ she should have been present face to face with my right to confront her before those records were admitted. I believe there is a serious Sixth Amendment violation on this because her certificate is testimony that is relevant to admit a fact. And under the ‑‑ in Crawford, that was significant to the Supreme Court's ruling in deciding what is testimonial. And what they found significant in deciding what was testimonial is if the information, the statement was generated with the witness knowing that that was going to be used at a later trial, which is exactly what happened in this case. We're way over the time, but we've questioned you a lot. Let me ask, do my colleagues want to continue? I think we probably can rely on your briefs on ‑‑ Could I ask the Court one on the sentencing issues? Yes. The Shepherd v. United States just came out yesterday. It deals with armed criminal and the type of evidence. It also leaves open the question of the recidivist exception that we've all talked about that started with Almodores Torres. Right. I think it's significant in this case. And if the Court would permit supplemental briefing, because of the Shepherd case, I'd really appreciate it. Plus, I believe that Booker affects the last issue, which was the acceptance of responsibility issue, if we get that far. We'll discuss in conference then whether, if we want supplemental briefing, we'll send out an order to you. Thank you. We do appreciate that. Thank you. Let me say this before we get to the Apelli's argument. There's one issue here that did bother me quite a bit that you haven't mentioned, and that's the admissibility of four convictions rather than one conviction. And was that error ‑‑ was it error for the judge to admit all the ‑‑ I think so. All the convictions. Is that unduly prejudicial under Rule 403? Because the Court's reasoning was, well, you're challenging these convictions, and so I'm going to let him bring it all in since you're challenging ‑‑ Okay. But if it's error, and so here's the crux of that issue for me, that it may have been a mistake for the judge to admit more than one, but why wouldn't it be harmless error because there's no other ‑‑ there's no other credibility issue in the case? So in other words, if he's a felon with one, there's not a contest about the possession? Just the strength of having four versus one conviction and whether or not the jury may have viewed the case differently, that's the prejudice. Well, he's really a bad guy, right? Okay. Thank you. And we will take a close look at Sheppard and see if that briefing would help us. Okay. Okay. Well, you've got your hands full with a lot of difficult issues. May it please the Court, counsel. My name is Stephanie Lister. I'm an assistant U.S. attorney in the Spokane office. It's my privilege to represent the United States. I'm going to start in the order that counsel did and discuss the Rule 41 alleged violation. Government's position is that there was not a violation of Rule 41. That certificate ‑‑ Well, where is his authority in the Rule 41? Excuse me? Where is this, you know, deputy sheriff's authority under Rule 41? Well, Your Honor, there's delegation authority under 28 United States Code section 564. To whom? Which gives the United States marshals, deputy marshals and other officials of the service as may be designated by the director to execute the laws of the United States within a State. It may exercise the same powers which a sheriff of the State may exercise in executing the laws thereof. So it's a general ‑‑ it's a general delegation. It's not limited to performing the functions of assisting the U.S. marshals. It's a delegation from the director to the U.S. marshals to the deputies. No, no, no. But I mean, what's delegated is the authority to appoint a deputy like this for general law enforcement purposes, not limited to assisting the U.S. marshals. Is that right? It specifically states in the delegation expressly in Executive Record 74, which is the Exhibit 101, the individual named herein is appointed under authority to ‑‑ I'm not talking about the statute or the regulation. You're not talking about? No, I said I'm not talking about the specific piece of paper. I'm talking about the authorizing regulation. Which regulation are you ‑‑ do you have a citation to that regulation? I think the regulations are 28 United States Code 564, which gives them powers of sheriff. 561F appoints the deputies. 566C ‑‑ You're talking about the statute or the regulation now? Correct. Which? The statute or the regulation? Statute, U.S. Code. Yeah. What did you say? 564? 564. Gives them powers of sheriff. 564. What's the wrong one? 564. And what else does that 564? 561F. Which the government believes is the authority to appoint deputy marshals. Well, 561S doesn't do it.   Employees. And then he says he can designate some of those employees. But this guy's not an employee, right? Well, he's appointed. I know that, but he's not an employee. But he's not an employee. It says such employees are necessary. Depends upon your definition of employee. He's not an employee for federal retirement basis. But he is a federal employee in terms of ‑‑ I don't think either of those statutes is specific enough to include. But 564 just says a U.S. marshal. Well, Your Honor, I guess where we come to ‑‑ May exercise the same powers as a sheriff. That's all it says. Doesn't make anybody a federal law enforcement officer in terms of Rule 41. But to get the authority to designate a deputy sheriff as a federal law enforcement officer, that's what I want to know. What does he depend on? Statutory or regulatory authority? Both. Both what? Both statutory and regulatory. Well, what are the statutes and the regulations? The statutes are 564, 561F, 566C, in conjunction with the CFR cited by the government, which I believe is in the brief. But I think this ‑‑ None of those ‑‑ none of those refers expressly to, you know, this situation, does it? I don't know, because none of them are going to say they're a federal law enforcement that's defined by Rule 41 of the Federal Rules of Criminal Procedure. It's the interpretation that the director can have the U.S. marshals appoint these deputies to enforce federal law violations. And that's what this express opinion says. What is the regulation you're depending on? The CFR 112B, right? Yes. And that ‑‑ And that, which is handling one of those pencils. That, as Mr. Hornell read, limits the appointment of the person to assist the marshal in the carrying out of the marshal's duties, not to assist the ATF. That's a specific language of that regulation, isn't it? Yes. But the marshals, in their deputy appointment, have established this officer as a task force officer. The sponsoring agency is the ATF. And they've specifically and expressly said the limitations are to seek and execute arrest and search warrants supporting a federal task force, the task force of which is the ATF. He was investigating a federal firearms violation. The detective here had this express appointment. He thought he was a federal law enforcement officer. The U.S. Attorney's Office thought he was a federal law enforcement officer. We took in his warrant. It was reviewed by the AUSA. It was initialed. It submitted to the magistrate. So even if this Court is to find some sort of technical violation with Rule 41, I mean, the government contends that this detective was a federal law enforcement officer and that the government did request it because we did review and approve it. But if there is a technical violation, it is not a constitutional error which would reverse the pressure of your luck. That's the next question. Do you know of any case where, you know, evidence has been suppressed because of this kind of assertive violation of Rule 41? No, Your Honor. And I think that you have to determine whether or not it's prejudicial and whether or not there was a flagrant or deliberate disregard. In this situation, there's no evidence that it was prejudicial. There's no evidence that this search warrant was fundamentally infirm. This was a good search warrant. There was sufficient probable cause, no allegations that it's insufficient. It was a search warrant that would have been approved at the State court or by the U.S. magistrate if it would have been submitted by another person. I guess that's another prong on the – that has to be addressed on the suppression analysis is would the search have occurred without it, without him using the Federal system? Yes, Your Honor. Or even in the Federal system, if he would have submitted it, would it have been approved? Because it's not a constitutionally or fundamentally infirm search warrant. So – The court could have been countersigned by the U.S. attorney, huh? Yes, Your Honor. The assistant U.S. attorney. With the initials on the corner. But so I don't think there's prejudice and there's no flagrant disregard. Here is a detective who thought he had the authority given in this express certificate. So, Your Honor, we submit that it is not a constitutional violation. It does not require suppression. With the Court's permission, I'll move on to the second issue, and that is with respect to the records that were admitted at trial. This first record that we talked about, the pen pack record, the materials from the penitentiary packet that included the fingerprints, et cetera, this certificate by the, first of all, the Secretary of State under seal, went through the formalities of she is the Secretary of State, she has the authority to make the certificate, she's reviewed the signatures of Richard Green, they matched the signatures on his certification. His certification, and I agree with the facts that have been recited, he says he has these documents in his legal custody. They are now on file in his office. The government's position is that he has legal custody of the documents now because he's requested them from the Oklahoma State Bureau of Investigation. It was not necessary for the government to provide a separate certification of delegation to that custodial agency, an agency which is required by law to keep the records. That was the Beeson case cited in the brief. It's a cert-denied case. Kennedy. But what about the requirement in the rule at subpart 4 that, you know, the office have actual custody? He does have actual custody at this time. That's why he says in his certificate, I have complete- But it's obviously not true because he has to send it away for him to a different agency that's not under his control. But, Your Honor- When he certified he actually had the documents. Correct. That's what you're saying. Correct. And that's why I'm saying he said- The rule requires that he certify that he actually had them and he actually had them as a matter of fact. Correct? Correct, Your Honor. Now, he just had the copy. All he had was a facsimile from the OSBI. It says, I've compared the foregoing and attached copies with their respective originals now on file in my office, and each, therefore, contains, thereof contains as in its full, true and correct copy of its said original. That would be in the excerpt of Record 411 approximately the fifth line from the top. You see the originals now on file in the office, and they are not on file in his office. He got them from the OSBI. Your Honor, it's my understanding that he certified it. He's the legal custodian. He now- No, but his affidavit says the originals now on file in my office. That's what he says. I know. And it's contradicted by the facsimile, which says, OSBI, send me the copy of the,  They have to be legible. Well, the issue is- The clear inference is that the OSBI has custody, actual custody, or the original. And how can you say that the, in this circumstance, the ruling of the district court that, well, I can't admit on this basis is an abuse of discretion? I don't think it was an abuse of discretion. I know. He didn't admit it on this, because he didn't, you know, I'm just giving you the thinking of the district court. He says, I'm not going to admit on that. He says, I can't. And he didn't, right? I understand. He didn't. Do you agree with that? I didn't agree. I thought that it was under seal. You're not contending it now. Well, no, but that's what he did. I believe that that document, the penitentiary pact, should have gone in as it was. It was under seal. It was certified and it was authorized. All right. I understand all that. What I'm saying is the district court says, well, you know, looking at these documents, I just can't admit it. It's a public record. And I'm not going to, right? Right. That was his ruling. He was requiring us to go further and to have certification from the person who delegated to you the records. So then you turned to the business records exception. So that's what I did. All right. Because I went to get that. Since that was the basis of the admission, and that's what the defendant is contesting now, he's saying, first, one, he didn't have the right under Crawford to confirm and cross-examine the authenticating witness, right? And two, he didn't get notice as required by the business records exception. What's the response to those two contentions? Your Honor, with respect to Crawford, first, he did not raise that issue at trial. He never asked for continuance, never asked for a right to confront. Secondly, and I think more importantly. Well, he objected to the admission to the records. Did not give basis. It was not. But more importantly, I think the issue becomes, is this public records business records a testimonial? Well, what you're saying, then, is you're saying, if you say it's just a business record, then you're going back to the basis on which a district judge refused to admit the records. And now you're saying that was an abuse of discretion not to admit the records as a business, as a public record. Is that right? Well, Your Honor, what I'm saying is that the Crawford doesn't apply because Crawford only applies to out-of-court statements that are testimonial in nature. There's no evidence that the business records are testimonial in nature. In fact. Not the records, but the authenticating testimony is testimonial for a business record. But it's in a well-grounded hearsay exception, which the Crawford case talks about. And it says there are here the Crawford case is a situation where police officers are interrogating. What's the well-grounded exception for authenticating a business record? Your Honor, the hearsay exception is when you have public records that are certified to be. Well, we're not talking about.   It's a case where the public records are certified to be authenticated. So the basis is offered as the public as the business record. Yes, Your Honor. So what the well-grounded is. Are we talking about authentication or are we talking about hearsay? I always thought there were two separate things. A, a document has to be authenticated. B, it has to meet, it has to pass the hearsay test. As I hear the questioning and the answering, I hear some authentication talk and some hearsay talk. And it seems to me those are being conflated. Are we talking about authentication or are we talking about hearsay? The two objections I heard from Mr. Hormel is one, the authenticating testimony was hearsay. The testimony that was offered by affidavit on the business record, not the public record, on the business record. And two, he didn't get the notice required by the business record's exception. Those are the two objections he argued at the lectern right there. Right? Well, Your Honor, I think that with respect to authenticity, the document speaks for itself. Ms. Green describes her position. Well, if it speaks for itself, why didn't you have this affidavit to authenticate it if it speaks for itself? The affidavit is attached to the document. So perhaps I'm not being specific enough. The affidavit from Ms. Young describes her position. It says these are records regularly kept in business, kept at or near the time of the transaction by a person who has knowledge. That's the foundation authenticity of the documents. They are. Isn't the usual way of authenticating a business record, at least in most trials I've seen, is you call the custodian or somebody to the stand saying, you know, are you the custodian? Is this record kept in the usual course of business and so forth? Yes, Your Honor. But 902.11 is a new rule that allows for certifications to accompany business records, so we don't have to call business custodians. And it is a practice now for people to use these certificates. This is a case where the government submitted a witness list. We didn't ask them. That's authenticating. You can authenticate that way. That's true. And that's what the government believes we did. Now, if I could move on to the Crawford issue, I think the key there is, is the document non-testimony or is it, excuse me, is the document testimonial in nature? And the Crawford case discussed that. And specifically in Crawford, at page, I believe it's 16, let me just look up my notes. 1367, Crawford discussed the hearsay exceptions and noted that most hearsay exceptions by their nature were not testimonial. And for example, business records. You're saying business records are not testimonial? According to Crawford, yes. Okay. And now, are you not pursuing the idea that the document should have come in as a public record? It could come out as a public record or a business record. And if the judge admitted it as a business record, can we sustain that on the grounds it should have been admitted as a public record? No, I think it's not an abuse of discretion for him to admit it as a business record versus a public record or vice versa. How do you get around the notice requirement on the business record? The notice requirement we dealt with in trial. This was a situation where what the Court found was the defense never objected to the admission of the pen pack prior to trial. We had given them those records several, long before trial. We had. Well, you don't have to object to the admission of an exhibit until it's offered. What do you mean prior to trial? Well, Your Honor. He didn't know you were going to offer it as a business record, did he? Your Honor, he knew that we were offering it as a certified record because we didn't have a custodian listed on the witness list. And I specifically asked him, and that's reflected in the record, if he had any objections to the pen pack. He strategically decided not to make that objection until the evidence was moved for admission. And the Court recognized that was a tactical decision. But when he made that tactical decision to object to the introduction of the pen pack, we then were forced to find an alternate method of introducing these fingerprints, because I needed to have fingerprint evidence to tie the defendant who was in custody at the Department of Corrections Penitentiary with the defendant who was on trial. So the notice in this particular case, he had all the records prior to trial. The only thing he didn't have was the authentication form prepared by Ms. Young. He had had a blank form early on when there was a problem, and then he was provided this. The judge said he couldn't make this tactical decision not to object until late and then not expect there to be some sort of recourse by the government in another method of finding a way to admit these records. And he never objected to – he never – excuse me – he never requested a continuance or a right to cross-examine on these witnesses. So the government contends that it was not an abuse of discretion for the Court to admit the penitentiary pack, including the felony convictions and the fingerprints. Your Honor, let's move on. We're going to give you some extra time, but what about the fact that there are four convictions rather than one? I thought that that might raise an issue under Rule 403 if it's unduly prejudicial. Yes, Your Honor. It was the Berkovich – I don't think I'm saying that correctly – but that decision was on the forefront of everyone's minds when we discussed whether or not we properly could admit these four convictions. And what the Court did was he said specifically that the defendant in this case was evidence, every portion of the government's proof in this case. And because of that, the Court found that he would admit all four. But he did so by first giving an oral instruction to the jury when those convictions were admitted into evidence. He had indicated you can only use this evidence for proof of the felony, not for anything else. He also gave two separate jury instructions at the conclusion of the case. One was a very specific jury instruction relating to those Oklahoma judgments, saying that you can't use them for any other purpose. And then – Well, why wouldn't he have just admitted one and given one to the jury? Well, what he said – Because they were all on the same – they're all together in this pack, so it's not like one of them might be inadmissible and another one be admissible. When he – They're all either admissible or not, I guess. What he said is in his – in case there is a deficiency in one of these convictions that would later prove to be at the Ninth Circuit level faulty, he admitted all of them, and he gave both the oral limitation and the admonitions. He says that at Excerpt of Record, Volume 2, page 394. That was his reasoning. What kind of deficiency would that be averting to? What kind of deficiency in the conviction? I'm not sure what he was alluding to. There was all kinds of attacks to deficiency. It may have been that he was concerned about a variance of proof on the ACC, crimes of violence in which one was proven up. It could have been that he thought some of these felony convictions for some reason the Court might reject. He had some – we disagreed on some of the interpretations of evidence, and I'm not really sure why he thought an individual prior conviction would prove faulty. So I think that that is approximately the end of my time. I know the Court has a concern about that. I know that counsel also raised the new case of Shepard. As I read Shepard, Shepard doesn't do anything to change the analysis about what documents you can look at to determine whether or not someone had committed crimes of violence. The documents that we looked in this case, the judgments, the information, and the statements of the guilty plea, I believe, are all proper documents for the Court to look at, even within the Shepard case. There was some – what were the documents of all of it? There was the charging document, right? Yes. There was the judgment, and there was another – third document. What's the third document? It's a statement of the defendant on a plea of guilty. In other words, what is that? Something he signed or something he, you know, admitted during the course of taking the plea or something of that nature? Yes. The Court says, did you commit – Would you say it's equivalent to an admission? Yes. Admission during the course of the plea-taking? Yes. It's almost like a Rule 11 colloquy type of deal? Yes. Except in writing? Yes. In other words, he says, in effect, I admit that I entered this building and I did this and that? Well, he says- In effect, he admits those statements? Right. Did you commit all the acts that are charged? Yes. And the buildings that were charged were buildings. It wasn't tents or vending machines. Right. Right. And so the government contends that a review of those documents was appropriate even under this new Shepard case. And you think that that kind of document is still admissible under Shepard? Yes. Now, does the – would the government object if we ordered each side to submit a letter brief within 10 days that says any implications in each client's point of view about – of Shepard? No, Your Honor. I think that what counsel maybe didn't have enough time to tee up, although we had discussed it prior to the hearing, was that there's the Thomas opinion and Thomas- I understand that. And I think- Justice Thomas said maybe the ACCA has got the handwriting on the door or whatever that it's – we're coming after it or something like that. And I would- Or we're not reaching it now, but it might be in trouble, right? Is that the gist of it? Exactly. And I have no objection to being allowed to reach out to the Department of Justice and see what their position might be on Shepard and its application on the ACC. Okay. All right. Well, maybe just because it came down so shortly before argument and counsel on both sides may not have had a full chance to integrate it into their arguments and the judges on the panel may not have been able to read the whole case yet, just some news clips on it. It may be helpful to us to see that. Let me ask you one more question. Yeah. We'll send a formal order out if the panel concurs, which I think it will. And we will ask you within 10 days of the date of the order to submit letter briefs. I assume that would let both sides think about it. All right. Yes, Your Honor. Here's the final question I've got. Assuming for sake of argument that it was not right to submit all four of those convictions to the jury and that the judge should have picked one or two and said that's it, is there any harm from that under the circumstances of this case where there really wasn't, as I understand it, a contest of anything except for the convictions? Well, I don't think there was harm. I do think there was more of a contest because he did dispute possession, and, for instance, if the weapon was counterfeited and then didn't travel interstate. Okay. So I want to preserve my argument that he shouldn't receive false evidence. Were there issues where having four convictions in the record might have prejudiced the jury? Not that I can say, Your Honor. None at all. I mean, he has four. He's a bad person. He's a really, really, really, really bad person. There's no indication that it would have been prejudicial and, if so, not cured by the very careful instructions given by the judge at the time they were offered and admitted and then at the conclusion of the case. Okay. Thank you. Thank you, Your Honor. We appreciate it. Are there any further questions of the panel? Thank you. We'll let you go over your time, but do you want one? We'll give you one minute of rebuttal, but one minute only. On the Crawford v. Washington issue, I did raise the confrontation issue at trial. It's at ER 344 to ER 347, and I also submitted a written objection that's in the records also raising the confrontation issue, so that was preserved. Your Honor, just to distinguish what Ms. Lister said about Crawford, the business records themselves, if authenticated, may not pass Crawford v. Washington, but the certificate itself, that's the testimonial evidence that I'm challenging. If that testimonial evidence, I had the right to confront the person giving that testimony. But what about her saying that, well, you had notice of this weeks before trial? I didn't have notice under the business records exception. I had notice that she was or, excuse me, the business records exception. I had notice under the public records exception. There was no notice. The notice of the business records exception and the certification, which I think shows there is a confrontation issue, otherwise they wouldn't give you advance notice to look at the qualifications of the person. I think that's the government or the attorney for the government could have anticipated maybe there was a problem and looked for an alternative way to admit it had there been an issue. I don't think that because I waited until trial to make an objection that that should waive the requirement under 902.11. Thank you. Thank you for your argument. We thank both sides, and we will defer submission pending the supplemental briefing. And we'll provide that for you.
judges: Fernandez, Tashima, Gould